IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VESSIE LYNN LEE                                                    PETITIONER

VS.                                                CIVIL ACTION NO 3:07cv539-DPJ-FKB

JIM HOOD AND CHRISTOPHER EPPS                                     RESPONDENTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This habeas petition is before the Court upon the Report and Recommendation of United States Magistrate Judge James C. Sumner [7]. Having fully reviewed the Report and Recommendation, the parties' submissions, and the applicable law, the Court finds that said Report and Recommendation should be adopted with one modification noted below.

## I.     Facts and Procedural History

Petitioner Vessie Lynn Lee was convicted of two counts of statutory rape, four counts of sexual battery, and three counts of gratification of lust. The alleged victim of the offenses was Lee's thirteen-year-old female neighbor J.R.G., who accused him of sexually abusing her over a nine month period. Having unsuccessfully proceeded on direct appeal and in a motion for post-conviction relief in state court, Petitioner filed the instant petition under 28 U.S.C. § 2254.

Magistrate Judge Sumner recommended dismissal of the Petition for the reasons stated in his well-supported Report and Recommendation. Petitioner then filed the following objections: (1) The evidence was insufficient to support the verdict; (2) Petitioner was denied a fair trial by the trial court's exclusion of extrinsic impeachment evidence; (3) trial and appellate counsel were ineffective in failing to preserve certain issues; and (4) trial and appellate counsel were ineffective regarding a motion to suppress which generated fruits from a poisonous tree. These objections track the grounds for relief reflected in the Petition as addressed by the magistrate

judge.  While the Court will comment as to some of the more specific issues raised in the objections, this opinion is intended for the benefit of the parties and the record for appeal.  Accordingly, the Report and Recommendation is adopted and incorporated herein by reference, and the issues not addressed would not alter the result.

## II.    Analysis

### A.    Sufficiency of The Evidence

Petitioner claims that the evidence was insufficient because J.R.G. could not definitively testify that unlawful conduct occurred on the dates listed in the indictment.  Instead, she generally testified that the conduct occurred on or about those dates.  This issue was not raised on direct appeal, prompting the Mississippi Supreme Court to rule that it was procedurally barred from consideration on a motion for post-conviction relief.  "The general rule is that the federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground."  *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999).  Nevertheless, "[a] procedural default will be excused . . . if 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.'"  *Id.* (citing *Coleman*, 501 U.S. at 750; *Haley v. Cockrell*, 306 F.3d 257, 263 (5th Cir. 2002)).  Moreover, "[i]neffective assistance of counsel is sufficient 'cause' for a procedural default."  *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

In the present case, the magistrate judge recommended a finding that this ground for relief is procedurally barred.  Petitioner failed to specifically address this recommendation in his objections, electing instead to reassert his argument that the evidence was insufficient.  Review

of the entire record, however, demonstrates that Petitioner sufficiently asserted ineffective assistance of counsel as to this issue. *See* Pet. at 11-13.

The Report and Recommendation is modified to note that no prejudice has been demonstrated. Even if this ground for relief had been raised on direct appeal, it would still fail because the exact date of the offenses is not an essential element. *Morris v. State*, 595 So. 2d 840, 842 (Miss. 1991); *see also United States v. King,* 703 F.2d 119, 124 (5th Cir. 1983); *United States v. Tunnell*, 667 F.2d 1182, 1186 (5th Cir. 1982).[1] Each count of the Indictment charges offenses occurring "on or about" certain dates. J.R.G.'s testimony was sufficient to establish that the offenses occurred on or about those dates, and Petitioner has failed to demonstrate a constitutional violation. Thus, the issue is procedurally barred and would likewise fail on the merits.

B.      Exclusion of Extrinsic Impeachment Evidence

Connie Evans, a neighbor to both Lee and J.R.G., testified at trial on behalf of the government. During cross examination, Evans was asked whether she told Petitioner's wife, Beth Lee, that she did not trust men because her daughter had been sexually molested. Evans denied making the statement to Beth Lee, but admitted discussing the molestation with her family. Trial Tr. vol. 6, 573, Mar. 20 2003. When Beth Lee testified, the trial court prohibited defense counsel from asking her whether Evans made the comment to her. Petitioner claims that this was in error and deprived him of a fair trial.

_____

[1]The magistrate judge actually addressed this issue in the context of Petitioner's argument that trial and appellate counsel were ineffective for failing to argue insufficiency of evidence as it relates to the dates of the charged offenses. *See* Report and Recommendation at 11.

As an initial point, the magistrate judge correctly stated the applicable standard. "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994)). "The failure to admit evidence amounts to a due process violation only when the omitted evidence is a crucial, critical, highly significant factor in the context of the entire trial." *Id*. at 821 (*citing Thomas v. Lynaugh,* 812 F.2d 225, 230 (5th Cir. 1987)). Applying this standard, Magistrate Judge Sumner ruled that the excluded evidence did not deprive Petitioner of a fair trial. Report and Recommendation at 7 (citing *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005); *Johnson*, 176 F.3d at 821).

Petitioner takes issue with this ruling, arguing that the "Report and Recommendation ignores the mandate of the United States Supreme Court in *Chambers v. Mississippi,* 410 U.S. 284 (1973), holding that the application of State evidentiary rules may render Defendant's trial fundamentally unfair and deprive him of due process under the Fourteenth Amendment of the United States Constitution." Pet'r's Obj. at 2. Petitioner further to states that Evans was a crucial witness for the government and that the excluded evidence constituted a due process violation. *Id*. at 3.

While not mentioned in the Report and Recommendation, the holding in *Chambers* does not change the result here. In *Chambers*, the Court found a constitutional violation when a state procedural rule precluded certain evidence that was necessary for a fair trial. 410 U.S. at 298. Yet, the nature of the excluded evidence in *Chambers* differs greatly from the excluded evidence in this case. There, the trial court limited cross-examination of a witness (McDonald) who

allegedly confessed to the very murder for which the defendant stood trial. *Id.* at 297. It then

precluded testimony from three defense witnesses who claimed that McDonald admitted killing

the victim. *Id.* at 298. Here, Evans was an important witness as Petitioner notes, but unlike

*Chambers*, Petitioner was allowed to fully cross-examine Evans for potential bias, and the jury

heard Evans's testimony regarding the molestation of her daughter. The issue is whether Beth

Lee should have been allowed to contradict Evans's testimony that she never mentioned the

molestation to Beth Lee. In other words, Evans never denied the substance of the statements,

she simply denied making them to Beth Lee. Trial Tr. vol. 6, 573. The significance of offering

collateral evidence to prove this non-crucial point does not rise to the level of the excluded

evidence in *Chambers* and does not reflect a due process violation in light of the other evidence

and the context of the entire trial. *Johnson*, 176 F.3d at 821.

> C.    Ineffective Assistance of Counsel Regarding Sufficiency of Evidence and
> Exclusion of Beth Lee's Testimony Regarding Evans

As stated above, Petitioner failed to demonstrate a constitutional violation as to the

sufficiency of the evidence or the limited examination of Beth Lee. For this same reason,

Petitioner's ineffective assistance of counsel arguments related to those issues must also fail as

noted in the Report and Recommendation.

> D.    Ineffective Assistance of Counsel Regarding Motion to Suppress

Based on a search warrant, police searched Petitioner's home and seized a pink vibrator

and a zebra-print thong that had been identified by J.R.G. Petitioner moved to suppress the

evidence, but the motion was denied. Petitioner now contends that the warrant was not sufficient

because the information from J.R.G. was not corroborated. Pet. at 14. He further argues that

both trial and appellate counsel were ineffective for failing to include the subject search warrant

and underlying affidavit in the record, suggesting that had these documents been included, the Mississippi Supreme Court "would have given the issue of corroboration the consideration it deserved." *Id*. at 15.

As noted by the magistrate judge, this argument fails because there is no corroboration requirement with respect to eye-witness accounts. Report and Recommendation at 12-13*; see also United States v. Phillips*, 727 F.2d 392, 397 (5th Cir. 1984) (noting that a " victim-eyewitness . . . informants' reliability need not be established in the officer's affidavit") (citing *United States v. Bell*, 457 F.2d 1231, 1238 (5th Cir. 1972)). In his objection, Petitioner never directly addresses the issue and offers no authority suggesting that corroboration was required. The Court adopts the Report and Recommendation on this ground for habeas relief.

  E.  Ineffective Assistance of Counsel Regarding "Fruit from the Poisonous Tree"

This final issue again relates to the pink vibrator and zebra-print thong that were admitted into evidence. This time, Petitioner contends that counsel was ineffective for failing to argue that the evidence be excluded under *Edwards v. Arizona,* which precludes continued custodial interrogation after a request for counsel. 451 U.S. 477, 484-85 (1981). The magistrate judge recommended rejection of this ground for habeas relief because the questioning occurred in Petitioner's home, and *Edwards* applies in the custodial setting. Report and Recommendation at 15 (citing *Montejo v. Louisiana*, 129 S. Ct. 2079 (2009)). Petitioner fails to address the issue in his objection, and the Court adopts the Report and Recommendation on this point.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge James C. Sumner be, and the same is hereby, adopted as the finding of this

Court with the one modification described above, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 13th day of August, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE